UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANNE NOEL, MICHAEL NOEL and MICHAEL NOEL, as parent and next friend of P.N. and M.N., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 10-40071-FDS |
| v. | ) ) ) | |
| WALT DISNEY PARKS AND RESORTS U.S., INC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFFS'
MOTION FOR RECONSIDERATION**

**SAYLOR, J.**

This is a personal injury case arising out of an accident that occurred at a Walt Disney hotel in Florida. Plaintiffs Anne and Michael Noel allege that Mrs. Noel was severely injured when a change machine in the resort's laundry room fell onto her. Plaintiffs have filed a motion to reconsider an order of the Court dated March 31, 2011, in which the Court denied their motion to strike and granted defendant's motion to dismiss, as converted into a motion for summary judgment. For the reasons set forth below, the motion will be denied.[1]

**I.     Procedural History**

Plaintiffs filed the present action on April 20, 2010. On July 6, 2010, defendant filed a

---

[1] For a detailed account of the factual background in this case, see this Court's Memorandum and Order on defendant's motion to dismiss, or in the alternative, to transfer venue, *Noel v. Walt Disney Parks and Resorts U.S., Inc.*, 2011 WL 1326667, at *1-*3 (D. Mass. Mar. 31, 2011).

motion to dismiss or, in the alternative, to transfer venue. In response, plaintiffs filed a motion to strike certain paragraphs from one of defendant's affidavits. The Court allowed both parties to submit affidavits in support of their motions. On March 31, 2011, the Court granted defendant's motion, as converted into a motion for summary judgment, and denied plaintiffs' motion to strike.

The Court held that, based on the undisputed evidence, plaintiffs and defendant were subject to an enforceable forum-selection clause that required that any action "arising out of or in connection with the packages and services and these Terms and Conditions . . . must be commenced and maintained exclusively in any court located in Orange County, Florida." (Sutherland Aff., Ex. A at 3). Accordingly, on March 31, 2011 the Court granted defendant's motion for summary judgment. Plaintiffs now move that this Court reconsider its prior order.

## II. Analysis

"When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions." *Davis v. Lehane,* 89 F. Supp. 2d 142, 147 (D. Mass. 2000). "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009).

Plaintiffs do not present newly discovered evidence or contend that there has been any intervening change in the law. Thus, plaintiffs must show that the Court's decision was based on a manifest error of law or was clearly unjust. The granting of such a motion is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir.

2006); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Palmer*, 465 F.3d at 30.

Plaintiffs contend that the Court did not provide them with a reasonable opportunity to present material relevant to the forum-selection clause issue pursuant to Fed. R. Civ. P. 12(d), and that, to avoid injustice, limited discovery is needed to determine whether plaintiffs actually received the forum-selection clause. The Court will consider each argument in turn.

### A. Rule 12(d)

When the Court considers supplemental materials and converts a motion to dismiss to a motion for summary judgment under Rule 12(d), the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009).

Here, the parties were provided with such an opportunity. As the Court explained in its order, both parties submitted and relied upon supplemental evidence outside the pleadings. Defendant supplemented its motion to dismiss with several affidavits. In response, plaintiffs moved to strike certain paragraphs from one of defendant's affidavits and submitted an affidavit from Anne Noel. (*See* Noel Aff.). The Court allowed a second round of briefing where defendant submitted an additional affidavit with the terms-and-conditions document appended to it. (*See* Sutherland Aff., Ex. A). Plaintiffs did not challenge the authenticity of these documents, but provided an additional affidavit from Mrs. Noel. (*See* Noel Second Aff.). In light of this, both parties understood that the Court might consider supplemental material in its decision and

3

had a reasonable opportunity to present such material to the Court.  *See Rivera*, 575 F.3d at 15-16; *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (explaining that a "party cannot complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits, affidavits, counter-affidavits, depositions, etc. in support of and in opposition to a motion to dismiss.").  Thus, the Court's decision to convert defendant's motion to dismiss into a motion for summary judgment was not unjust and did not rely on a manifest error in law.

### B.     Limited Discovery

A motion for reconsideration "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Aybar v. Crispin-Reyes*, 118 F.3d 10, 15-16 (1st Cir. 1997); *accord Iverson v. City of Boston*, 452 F.3d 94, 104 (1st Cir. 2006).  Here, plaintiffs argue (for the first time in their motion for reconsideration) that discovery is needed to find evidence that presumably existed at the time of defendant's motion to dismiss that will create an genuine issue of material fact.  Plaintiffs could have, but did not, ask for limited discovery prior to this Court's March 31, 2011 order.  Plaintiffs cannot use a motion for reconsideration to do so now.  Allowing them to do so would defeat the compelling interest in the finality of litigation.  *See Aybar*, 118 F.3d at 15-16.

In its prior order, this Court determined that "[t]aken together, the undisputed evidence shows that, although plaintiffs did not read the terms-and-conditions document, they did receive it."  *Noel*, 2011 WL 1326667, at *7.  Plaintiffs do not contend that the Court misapprehended any

material facts or points of law in reaching this conclusion. *See Palmer*, 465 F.3d at 30.[2] As discussed above, plaintiffs had the opportunity to present additional evidence and to request additional discovery, but chose not to do so. Thus, absent an error by this Court and in light of plaintiffs' prior opportunity to litigate the issue, enforcing the forum-selection clause would not be unjust. *See id.*

As plaintiffs have failed to identify any manifest error of law or present new evidence in this matter, the Court will deny their motion for reconsideration.

### III.   Conclusion

For the foregoing reasons, plaintiffs' motion for reconsideration of the Court's March 31, 2011 order is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: December 14, 2011

---

[2] Plaintiffs appear to allege that the Court made a factual error by finding that plaintiffs acknowledged that the forum-selection clause was included in the materials they received from AAA New England. (Pl. Mot., at 4). However, the Court did not make such a finding. Rather, it was addressing plaintiffs' argument that *even if* they had received the forum-selection clause, it was not "reasonably communicative" under *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861 (1st Cir. 1983), and, accordingly, they never read it. *Noel*, 2011 WL 1326667, at *7; (*see also* Pl. Sur-Reply, Doc. 18, at 3-6). The Court then proceeded to address directly the issue that is the subject of plaintiffs' motion for reconsideration—that is, whether there was evidence that plaintiffs actually received the forum-selection clause. *Noel*, 2011 WL 1326667, at *7.